## Scheller v. Scheller

*Robert W. Geigley,* for plaintiff.

MacPHAIL, P. J., April 1, 1970.—Plaintiff brought this action in divorce on three counts, adultery, desertion and indignities. The master recommended that a divorce a. v. m. be granted on the ground of indignities only.

Certainly, the master was correct in concluding that a divorce could not be granted on the ground of desertion for the obvious reason that the statutory period of two years had not elapsed at the time of the master's hearing: Act of May 2, 1929, P. L. 1237, 23 PS §17. He was also correct in concluding that a divorce on the ground of adultery could not be granted because plaintiff's conduct, subsequent to defendant's alleged acts of adultery, amounted to a condonation. Although the master has not recommended a divorce on the ground of desertion, we deem it necessary to note that the pleading of "desertion" in the complaint is not in conformity with Pa. R. C. P. 1126(6). That rule requires that the ground for divorce be stated substantially in the language of the act of assembly. Plaintiff's allegation in his complaint says simply that defendant "deserted the marital abode May 25, 1969, and committed acts of adultery with divers males on or about the same date and thereafter." That statement does not comply with Pa. R. C. P. 1126(6). Since the error is harmless in this case, we will not require that the complaint be amended.

At the hearing, plaintiff offered in evidence notarized statements by persons who did not appear. When these statements were offered, counsel stated that they were not offered to prove adultery, but "to substan-

tiate the indignities and inclination of the defendant." On this basis, they were received by the master. Obviously, these notarized statements were not admissible under any condition nor for any purpose and the master should have refused to admit them. These statements are now attached to the master's report and since we must refer this matter back to the master for another reason, we will direct that they be removed from his report and returned to plaintiff. They have no place in the records of this court.

Service of the complaint was apparently had by registered mail under Pa. R. C. P. 1124(3)(b). That rule requires that the signature on the return receipt be signed personally by defendant. There is no testimony in this case concerning the identification of defendant's signature on the return receipt allegedly given at the time the copy of the complaint was received by the defendant. This proof is required before a decree can be granted: Myers v. Myers, 10 Adams 138 (1968).

Since the evidence in this case, exclusive of the notarized statements previously mentioned, is sufficient to warrant a decree on the ground of indignities to the person, the matter will be referred back to the master to receive evidence on the proof of defendant's signature and for the removal of the written statements hereinbefore mentioned.

### ORDER OF COURT

And now, April 1, 1970, the within matter is referred back to the master for the purpose of taking additional testimony to identify defendant's signature on the postal receipt annexed to the affidavit of service of the complaint. It is further ordered that the master remove the notarized statements attached to his report and return them to plaintiff.